IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ANDREW DOMINIQUE ROBINSON                                                   PLAINTIFF
ADC# 652013

v.                   CASE NO. 5:15-CV-00071 BSM

MATTHEW PAUL WRIGHT
and WILLIAM CONNOR                                                              DEFENDANTS

**ORDER**

The proposed findings and partial recommendation [Doc. No. 72] submitted by United States Magistrate Judge Patricia Harris are adopted, defendant William Connor's motion for summary judgment [Doc. No. 61] is granted, and the claims against Connor are dismissed with prejudice.

Additionally, plaintiff Andrew Robinson's motion for default judgment against defendant Matthew Wright [Doc. No. 12], previously denied as premature, must now be reconsidered. Whether to enter a default judgment is discretionary, and default judgments are disfavored. *Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 683–84 (N.D. Iowa 1985). Instead, a determination on the merits is preferred. *Marshall v. Boyd*, 658 F.2d 552, 555 (8th Cir. 1981) ("Other factors [such as the showing of a potentially meritorious defense] militate against a default judgment."). And a default judgment is not warranted.

First, default judgment is denied because it is unclear whether Wright has received proper notice of his default. Service was attempted on Wright on May 13, 2016. Doc. No. 27. Wright, however, has failed to respond. The United States Marshals Service attempted to serve Wright with an order requiring him to show cause why he failed to respond [Doc.

No. 68], but service was not completed because the marshal was unable to locate Wright's residence and was unable to reach him by telephone. *See* Doc. No. 68. Although the reasons for Wright's failure to appear are unknown, it appears he may have occupied a mobile home that moved to a new location. *Id.*

Next, even if Wright had received proper notice of default, a default judgment would not be warranted given that Robinson is a dangerous inmate who has a history of tampering with or blocking locks; assault; threatening staff; setting fires; resisting apprehension; possession or introduction of weapons; destruction of property; and aggravated battery on staff. Statement of Undisputed Facts ¶ 7, Doc. No. 63. The record shows that Robinson was given multiple opportunities to remove his arm from the security trap door in his cell during the incident at issue. *Id.* ¶¶ 17, 28, 30, 31, 34, 64–67. Wright warned Robinson that if he did not remove his arm from the trap, force would be used. *Id.* ¶ 37. Robinson refused to comply, and that is when Wright, who was called to the scene as the emergency preparedness coordinator, took control over the situation. *Id.* ¶ 39. Wright sprayed a chemical agent into the cell, but Robinson blocked the opening with his mattress. *Id.* ¶ 40. Wright began striking Robinson's hand repeatedly with the spray can when Robinson reached out in an attempt to grab Wright or the can. *Id.* ¶¶ 41, 42. The exact number of times Wright struck Robinson with the can is unknown, but in any case, Wright's striking of Robinson with the spray can did not result in Robinson withdrawing his arm from the security trap door. *Id.* ¶ 43.

Excessive force claims brought by prisoners are evaluated under the Eighth Amendment's prohibition on cruel and unusual punishment, and the "core judicial inquiry" is . . . "whether force was applied in a good faith effort to maintain or restore discipline or

maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6, 7 (1992) (internal quotations omitted). The factors used to evaluate this inquiry include the need for the application of force, the relationship between the need for force and the amount of force applied, and the extent of injury suffered by the inmate. *Jones v. Shields*, 207 F.3d 491, 495 (8th Cir. 2000). Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain, the case should not go to the jury. *Johnson v. Bi-State Justice Ctr./Arkansas Dep't of Corr.*, 12 F.3d 133, 136 (8th Cir. 1993).

Here, force was needed because Robinson, known as a dangerous inmate, refused to comply with orders to remove his arm from the security trap door in his cell. Progressively forceful efforts were used to get Robinson to comply with orders, all to no avail. Under the circumstances, the force was used in a legitimate effort to restore discipline. Robinson could have removed his arm at any time from the trap door, and his refusal to do so and his implicit willingness to have force applied in an attempt to dislodge his arm does not render the application of force malicious or sadistic.

Accordingly, Robinson's claims against Wright are also dismissed with prejudice because Wright did not apply excessive force to Robinson.

IT IS SO ORDERED on this 28th day of December 2017.

*/s/ Brian S. Miller*
UNITED STATES DISTRICT JUDGE